which no doubt militated against the appellant's explanation.

The court instructed the jury that if they believed from the evidence that the defendant won the automobile in question in a poker game or if they had a reasonable doubt thereof, to acquit him; and further instructed the jury that if they believed from the evidence that Floyd Wright delivered the possession of the car to the defendant or if they had a reasonable doubt thereof, to return a verdict of not guilty. It is obvious that the testimony presented an issue of fact which was submitted to the jury who by law are made the exclusive judges of the facts proven, the credibility of the witnesses, and the weight to be given their testimony, and this court will hesitate to disturb their conclusions unless the same is not based on sufficient testimony. See Von Emons v. State (Tex.Cr.App.) 20 S.W. 1106; Cabral v. State, 57 Tex.Cr.R. 304, 122 S.W. 872. In the case of Stephens v. State, 69 Tex. Cr.R. 437, 154 S.W. 996, 997, this court said: "Where defendant gives more than one explanation, the conflict in such statements may be considered by the jury in determining whether they are reasonable and probably true; and, under such circumstances, it has been held that the judgment will not be reversed on appeal."

Believing that under the circumstances shown in this case we would not be justified in reversing the judgment of conviction, it is therefore in all things affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

Clark Wills, of Fort Worth, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Appellant was convicted of robbery, and his penalty was assessed at confinement in the penitentiary for not less than five nor more than twelve years.

The indictment is regular and regularly presented. The evidence heard before the trial court is not brought up for review. Nothing in the record is perceived which would warrant a reversal of the judgment. It is therefore affirmed.